IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:13-CR-177-N-BT |
| | § | |
| JAMES LEWIS, | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

## I.  Background

Before the Court is Defendant James Lewis's motion to correct plain error under Fed. R. Crim. P. 52(b).

Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On February 24, 2014, the district court sentenced Defendant to a total of 210 months confinement. On December 15, 2014, the Fifth Circuit Court of Appeals affirmed Defendant's sentence. *United States v. Lewis*, No. 14-10256 (5th Cir. Dec. 15, 2014).

On November 17, 2017, Defendant filed the instant motion. He argues the enhancement of his sentence was unlawful.

## II. Discussion

Defendant filed his motion under Fed. R. Crim. P. 52(b). The Court finds jurisdiction is not proper under Fed. R. Crim. P. 52(b), which applies to the plain error standard on direct appeal. *See United States v. Frady*, 456 U.S. 152, 164 (1982).

Defendant seeks to challenge his sentence. The Court should therefore construe his motion as a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that when a district court recharacterizes a *pro se* litigant's pleadings as a first motion to vacate, as in this case, it "must notify . . . the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he has." *Id.* at 383.

Defendant should therefore be notified that his motion is construed as a § 2255 motion, and that he should either withdraw his motion or amend the

motion using the court's § 2255 form, so that it contains all claims he wishes to raise with respect to his conviction in No. 3:13-CR-177-N.

### III.  Recommendation

The Court hereby recommends that the district court construe Defendant's motion as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and that the district court notify Defendant that he should either withdraw his motion or amend the motion using the Court's § 2255 form, so that it contains all claims he wishes to raise with respect to his conviction in Cause Number 3:13-CR-177-N.

Dated: February 14, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).