IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| v. | §   No. 3:13-cr-00177-N-1 |
| | § |
| JAMES LEWIS, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following a limited remand from the Fifth Circuit Court of Appeals to determine whether there is excusable neglect or good cause to warrant extending the time allowed for filing Defendant James Lewis's notice of appeal under Federal Rule of Appellate Procedure 4(b)(4). (Doc. 76.) The issues have been fully brief, and the matter is now ripe for ruling. For the following reasons, the Court finds that Lewis has shown good cause warranting an extension of time under Federal Rule of Appellate Procedure 4(b)(4).

## Background

On September 21, 2020, Lewis filed an emergency motion for compassionate release and reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 68.) The Court concluded that although Lewis exhausted his administrative remedies under § 3582(c)(1)(A), he failed to present extraordinary and compelling circumstances warranting compassionate release. (Doc. 70.) The Court also found that release was not warranted considering the factors set forth in 18 U.S.C. § 3553(a). (*Id.*) On December 7, 2020, the Court denied Lewis's motion for compassionate release. (*Id.*)

On December 30, 2020, Lewis filed his notice of appeal and a motion to proceed *in forma pauperis* on appeal.[1]  (Docs. 71, 72.)  On January 6, 2021, the Court granted Lewis's *in forma pauperis* motion.  (Doc. 73.)  On July 22, 2021, the Fifth Circuit Court of Appeals remanded the case to this Court for the limited purpose of determining whether there is excusable neglect or good cause to warrant an extension of time under Federal Rule of Appellate Procedure 4(b)(4).  (Doc. 76.)  The Fifth Circuit directed that after this Court made the appropriate finding, it should promptly return the case to that Court for further proceedings.  (*Id.*)

On August 4, 2021, this Court entered an order directing Lewis, within thirty days, to respond and state the circumstances under which he filed his notice of appeal.  (Doc. 77.)  He was further directed to specifically address whether he could demonstrate excusable neglect or good cause for the untimely filing of his notice of appeal.  (*Id.*)  On August 17, 2021, the Court received Lewis's response, contending he did not receive the Court's December 7, 2020 Order denying his motion for compassionate release until December 18, 2020.  (Doc. 78.)  Lewis claims that when he received the Court's December 7, 2020 Order, he sought the assistance of the institution's law clerk to assist with the filing of his notice of appeal and request to proceed *in forma pauperis*, which were filed on December 30, 2020.  (*Id.*)  Lewis argues that unlike other litigants, as a *pro se* prisoner, he cannot personally travel to the courthouse.  (*Id.*)  Rather, Lewis claims that he must rely on the Clerk of Court to mail him a copy of the Court's order, he must rely on the staff at the Bureau of Prisons ("BOP") to deliver the order to him, and he must rely on the staff at the United States Postal Service to transmit the mail.  (*Id.*)  Lewis contends that considering the COVID-19

---

[1] A notice of appeal and motions submitted by a *pro se* prisoner are deemed filed on the date the prisoner submits them to prison officials for mailing.  *See Meek v. Brackens*, 194 F. App'x 247, 248 (5th Cir. 2006) (per curiam) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).  In this case, Lewis's notice of appeal and attached documents are signed and dated December 30, 2020.  (Doc. 71 at 2, 7, 9-10.)

pandemic crisis, the "entire world" was complaining about late deliveries of U.S. Mail. (*Id.*) Lewis concludes that he "did everything humanly possible to meet the rules of the court." (Doc. 78 at 4.) In response, the Government relies on *United States v. Routt*, No. 1:94-CR-12, 2009 WL 3837190, at *2 (E.D. Tex. Nov. 16, 2009), and argues that under the circumstances presented, Lewis's alleged delay in receiving the Court's December 7, 2020 Order does not warrant a finding of good cause or excusable neglect. (Doc. 79.) The Government argues that Lewis was familiar with the notice-of-appeal process, and he fails to explain why a one-page notice of appeal could not be drafted and given to prison officials for purposes of *Houston v. Lack*, 487 U.S. 26 (1988), within the three-day time frame he had. (*Id.*)

## Discussion

The Fifth Circuit Court of Appeals requires the filing of a timely notice of appeal before exercising jurisdiction over a case. *United States v. Winn*, 948 F.2d 145, 153 (5th Cir. 1991) (citing *United States v. Ugalde*, 861 F.2d 802, 805 (5th Cir. 1988); *United States v. Burn*s, 668 F.2d 855, 859 (5th Cir. 1982)). In a criminal case, a defendant has 14 days to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring a defendant in a criminal case to file his notice of appeal within 14 days after entry of the judgment or order being appeal); *see also* Fed. R. App. P. 26(a)(1)(C) (directing courts to include the last day of the period unless it falls on a Saturday, Sunday, or legal holiday). Within 30 days following the expiration of the 30-day period, a defendant can file a motion for an extension of time within which to file a notice of appeal where there is excusable neglect or good cause. Fed. R. App. P. 4(b)(4); *see also United States v. Perdomo*, 619 F. App'x 379, 380 (5th Cir. 2015).

In this case, on December 7, 2020, the Court denied Lewis's motion for compassionate release. (Doc. 70.) He then had 14 days, or until December 21, 2020, to file any notice of appeal.

*See* Fed. R. App. P. 4(b)(1)(A)(i). Lewis's notice of appeal was filed 9 days later, on December 30, 2020. (Doc. 71.) His notice of appeal was therefore untimely. *See* Fed. R. App. P. 4(b)(1)(A)(i).

The Federal Rule of Appellate Procedure 4(b) time limit is not jurisdictional, but it is mandatory. *United States v. Rambo*, ___ F. App'x ___, 2021 WL 3699787, *1 (5th Cir. Aug. 19, 2021) (per curiam) (citing *United States v. Hernandez-Gomez,* 795 F.3d 510, 511 (5th Cir. 2015)). However, a district court can extend the time for filing a notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed" if there is excusable neglect or good cause. Fed. R. App. P. 4(b)(4) (stating that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)"); *see also United States v. Lewis*, 853 F. App'x 974, 974 (5th Cir. 2021) (per curiam)); *Perdomo*, 619 F. App'x at 380. In this case, Lewis filed his notice of appeal within the 30-day period under Federal Rule Appellate Procedure 4(b)(4), so the Court will construe his notice of appeal as a motion for extension of time. *See Lewis*, 853 F. App'x at 974 (citing *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984)).

The excusable neglect determination is equitable in nature and allows the district court discretion based on consideration of factors such as "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468–69 (5th Cir. 1998) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). A party's ignorance of the rules or misinterpretation of them does not usually rise to the level

excusable neglect. *Pioneer*, 507 U.S. at 392. Moreover, excusable neglect is "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.*

"The good cause standard" "is applicable 'in situations in which there is no fault – excusable or otherwise." *Hager v. Underwood*, No. 3:18-CV-355-D, 2019 WL 4246608, at *2 (N.D. Tex. Sept. 5, 2019) (quoting *Tuesno v. Jackson*, No. 5:08-cv-302(DCB)(JMR), 2013 WL 685928, at *4 (S.D. Miss. Feb. 25, 2013)), *recomm. adopted by* 2018 WL 2018593 (N.D. Tex. May 1, 2018). When good cause applies, an extension of time is necessary because of something that was entirely beyond the control of the moving party. *Id.* Good cause is an equitable determination involving the following relevant factors: whether the appealing party acted in good faith, the length of the delay, the cause of the delay, the risk of prejudice to the opposing party, and the potential impact on judicial proceedings. *See Pioneer*, 507 U.S. at 395; *see also United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

In this case, Lewis represents that that he did not receive the Court's December 7, 2020 Order denying his motion for compassionate release until December 18, 2020. His notice of appeal was due very shortly thereafter, on December 21, 2020. The Government does not dispute Lewis's representations, but it argues that under these circumstances, Lewis's alleged delay in receiving the Court's order denying his motion for compassionate release does not demonstrate good cause or excusable neglect. The Court, however, is not persuaded with the Government's argument. Lewis, through no fault of his own, failed to receive the Court's December 7, 2020 Order until December 18, 2020, three days before his notice of appeal was due in this Court. This short timetable made it extremely difficult, if not near impossible, for Lewis to file a timely notice of appeal in this Court. For these reasons, the Court finds that Lewis has demonstrated good cause to warrant an extension of time.

**Conclusion**

Consistent with the forgoing, the Court finds that Lewis has demonstrated good cause to warrant granting his motion for extension of time under Fed. R. App. P. 4(b)(4). At this time, the case will be returned to the Fifth Circuit Court of Appeals for further proceedings.

**SO ORDERED.**

August 31, 2021.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE